NOT FOR PUBLICATION

FILED

JUN 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASVIR SINGH MULTANI, | No. 16-71208 |
| Petitioner, | |
| v. | Agency No. A206-549-256 |
| MERRICK GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2022**
San Francisco, California

Before: CHRISTEN and BRESS, Circuit Judges, and LYNN,*** District Judge.

Jasvir Singh Multani ("Singh"), a citizen of India, seeks review of a Board

of Immigration Appeals ("BIA") decision affirming the order of an Immigration

Judge ("IJ") denying Singh's claims for asylum, withholding of removal, and relief

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Barbara M. G. Lynn, Chief United States District Judge for
the Northern District of Texas, sitting by designation.

1

under the Convention Against Torture ("CAT").   We review for substantial evidence and may grant relief only if the record compels a contrary conclusion. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).   We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.   Because the parties are familiar with the facts, we do not recount them here.

We review both the BIA's decision and the IJ's decision where the BIA relied on the IJ's reasoning in part, but added its own analysis.   *See Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014).

Before this Court Singh argues that "at no time did the Immigration Judge or the Board of Immigration Appeals find that [he] provided any inconsistent testimony from his credibility worksheet or his sworn declaration attached to his asylum application or to his sworn court testimony," but rather, the adverse credibility finding was "based on the alleged motivations of [his] persecutors, and the absence of any evidence to demonstrate a pattern [or] practice standard." Substantial evidence supports the BIA's denial of relief.

The BIA permissibly concluded that Singh's testimony was not credible. "There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination."   *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc).   Rather, "in assessing an adverse credibility finding under the [REAL ID] Act, we must look to the 'totality of the

2

circumstances[] and all relevant factors.'"  *Id*. (quoting 8 U.S.C. §

1185(b)(1)(B)(iii)) (second alteration in original).

The BIA upheld the IJ's adverse credibility finding because of (1) the lack of

detail in Singh's testimony, (2) the implausible nature of his claims, (3) the lack of

sufficient documentation of country conditions supporting Singh's claim that

members of his party, the Mann Party, have been persecuted in India, and (4) a

diminished weight afforded to the corroborating letters and affidavits provided by

Singh.   The BIA and IJ appropriately "refer[red] to specific instances in the record

that support a conclusion that the factor undermines credibility," and each basis is

supported by substantial evidence.   *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th

Cir. 2010).

Regarding (1) and (2), the level of detail and implausibility of an applicant's

testimony may be evaluated to determine credibility.   8 U.S.C. § 1158(b)(1)(B)(iii)

(credibility determination may be based on "the inherent plausibility of the

applicant's... account"); *Iman v. Barr*, 972 F.3d 1058, 1065 (9th Cir. 2020) ("The

lack of detail in an applicant's testimony can be a relevant factor for assessing

credibility.").   The BIA cited specific portions of Singh's testimony that the IJ

found lacked sufficient detail and was implausible.

Regarding (3), the lack of sufficient country background documentation, the

BIA properly acknowledged that an IJ can base credibility determinations on

3

background evidence in the record and cited the IJ's finding that the country background documentation was insufficient to support Singh's claim that Mann Party members have been violently attacked or otherwise persecuted in India due to their political views. *See Singh v. Lynch*, 802 F.3d 972, 975–76 (9th Cir. 2015), *overruled on other grounds by Alam*, 11 F.4th at 1136; *see also* 8 U.S.C. § 1158(b)(1)(B)(iii) (credibility determination may be based on "the consistency of . . . statements with other evidence of record (including the reports of the Department of State on country conditions)").

Finally, regarding (4), the BIA reasonably "gave minimal weight to letters from Mann [P]arty members who did not have first-hand knowledge of the alleged incidents," as well as an affidavit submitted by Singh's uncle who, "while a witness to one alleged attack, was not subject to cross-examination." The BIA also cited the IJ's finding that an affidavit from a medical practitioner "was insufficient to corroborate the cause of... [Singh's] injuries." Neither the IJ nor the BIA ignored the submissions outright, but instead assessed them as less credible. Substantial evidence supports the BIA's decision upholding the IJ's adverse credibility determination.

Substantial evidence thus supports the BIA's decision upholding the IJ's denial of Singh's claims for asylum, withholding of removal, and CAT, which were all based on the adverse credibility finding. *See Li v. Garland*, 13 F.4th 954,

4

958 (9th Cir. 2021).   To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.   8 U.S.C. § 1158(b)(1)(B)(i).   To be eligible for withholding of removal, the petitioner must discharge this burden by a clear probability.   8 C.F.R. § 208.16(b)(2).   The dispositive question in assessing a CAT claim is "whether the alien is more likely than not to be tortured in the country of removal."   8 C.F.R. § 208.16(c)(4).

However, to obtain any of the three types of relief sought by Singh, a threshold eligibility requirement is the finding that the petitioner's testimony meets the statutory credibility standard.   *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C), 1229a(c)(4)(C); *see also Singh*, 802 F.3d at 977 (explaining that "the agency may rely upon the same credibility determination in denying both the asylum and CAT claims" when "a petitioner's claims under the CAT are based on the same statements that the BIA determined not to be credible." (quotations and alterations omitted)).   Because the BIA did not err in affirming the IJ's adverse credibility finding, substantial evidence supports the BIA's decision that Singh is

ineligible for asylum, withholding of removal, and relief under CAT.[1]  Moreover, as to the CAT claim, the BIA also reasonably concluded that Singh failed to offer independent evidence sufficient to sustain his burden.

**PETITION FOR REVIEW DENIED.**

---

[1] Respondent argues that Singh failed to adequately contest the BIA's decision in his opening brief.  Because Singh's arguments fail on the merits, the Court does not reach the issue of whether his opening brief is so deficient as to constitute waiver of his claims on appeal.